**YONG DI CHEN, Petitioner,**

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Respondent.**

No. 05–3691–ag.

United States Court of Appeals, Second Circuit.

June 30, 2006.

Ruchi Thaker, Matthew L. Guadagno, Jules E. Coven, and Kerry W. Bretz, Bretz & Coven LLP, New York, NY, for Petitioner.

David S. Rubenstein, Assistant United States Attorney, (for Michael J. Garcia, United States Attorney) Southern District of New York, New York, NY, for Respondent.

PRESENT: THOMAS J. MESKILL, JON O. NEWMAN, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Yong Di Chen, a citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings and finding him ineligible for discretionary relief based on his August 1996 conviction for alien smuggling. File No. A29–792–193. Familiarity with the record below and issues on appeal is presumed.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005)(per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

Principally Chen challenges the BIA's conclusion that no basis exists for reopen-

ing the proceeding, since he is ineligible for relief under the former Immigration and Nationality Act § 212(c). Specifically, he contends that it was error to retroactively find him ineligible for such relief as an aggravated felon, since his conviction was not an aggravated felony for deportation purposes when he pled guilty in August 1996. We disagree. The Antiterrorism and Effective Death Penalty Act ("AEDPA") § 440(d) bars aliens deportable by reason of aggravated felony conviction from obtaining § 212(c) relief. The Illegal Immigration and Immigrant Responsibility Act of 1996 ("IIRIRA") § 321(a), Pub.L. No. 104–208, 110 Stat. 3009–546, at –627–28, amended the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(N) to include alien smuggling regardless of the term of imprisonment imposed. The amended aggravated felony definition applies to crimes committed before the enactment of IIRIRA because Congress expressly and unambiguously made clear its intention to apply the provision retroactively. *See* IIRIRA, 321(b); *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Kuhali v. Reno*, 266 F.3d 93, 110 (2d Cir.2001). Because Chen pled guilty to bringing in and harboring aliens on August 30, 1996, he is an aggravated felon barred from § 212(c) relief by the amendments put forth by AEDPA § 440(d). *See* 8 C.F.R. § 1212.3(h)(2).

We have considered all of Chen's claims on appeal and find them without merit. For the foregoing reasons, the petition for review is DENIED.